AP-77,054
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/27/2015 3:43:17 PM
Accepted 1/27/2015 3:51:31 PM
ABEL ACOSTA
CLERK

No. AP-77,054

IN THE

# Court of Criminal Appeals of Texas

RODNEY REED,
*Appellant,*

v.

THE STATE OF TEXAS
*Appellee.*

On Appeal from the 21st Judicial District Court, Bastrop County, Texas

## STATE'S MOTION FOR ACCELERATED APPEAL

BRYAN GOERTZ
Criminal District Attorney
Bastrop County, Texas

MATTHEW OTTOWAY
Assistant Attorney General/
Assistant District Attorney
Bastrop County, Texas
Texas Bar No. 24047707

Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 320-8132
Email: *matthew.ottoway@texasattorney*
*general.gov*

*Attorneys for the State*

## MOTION FOR ACCELERATED APPEAL

### I. Relevant Procedural Background

Appellant, Rodney Reed, is a death-sentenced inmate with a presently-scheduled execution date of March 5, 2015. 3.CR.302–03. On July 14, 2014, Appellant sought additional DNA testing via Chapter 64 of the Texas Code of Criminal Procedure. 2.CR.74–143. The State opposed. 2.CR.161–229. A live hearing was held on November 25, 2014, at which time the trial court denied Appellant's Chapter 64 motion. 4.RR.47. The denial was reduced to writing on December 12, 2014, and filed on December 16, 2014. 3.CR.342–48. Appellant's notice of appeal was filed on January 12, 2015. 3.CR.359–60.

This Court received the reporter's record on January 15, 2015, and the clerk's record on January 16, 2015. Thus, Appellant's opening brief is due February 17, 2015 (February 15 is a Sunday and February 16 is Presidents' Day). Tex. Code Crim. Proc. art. 64.05; Tex. Gov't Code § 662.003(a)(3); Tex. R. App. P. 4.1, 38.6, 71.3. The State's responsive brief would then be due March 19, 2015, two weeks after the presently-scheduled execution date. Tex. R. App. P. 38.6, 71.3.

## ARGUMENT

### I.    The Court Should Accelerate This Appeal.

Pursuant to Rule 38.6(d) of the Texas Rules of Appellate Procedure, this Court may, "in the interests of justice, shorten the time for filing briefs and for submission of the case." Tex. R. App. P. 38.6(d). Here, there are ample reasons to hasten the briefing and submission deadlines.

The most obvious and pressing reason to shorten the applicable deadlines is Appellant's upcoming execution, now a little more than a month away. Utilizing the rule-based briefing deadlines would place the State's response deadline beyond the presently-scheduled execution date, an obvious impossibility. Further, allowing Appellant the full thirty-day period for his opening brief would require an unduly short turnaround for the State's responsive brief—nine days—in order to give the Court a minimum of a week to consider the appeal.

Additionally, Appellant—and any other death-sentenced, Texas inmate—alone controlled the timing of his Chapter 64 motion. Despite the fact that he was convicted and sentenced to death in 1998, and despite the fact that the statutory framework for postconviction DNA testing has been available since 2001, Act of April 5, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Sess. Law Serv. Ch. 2 (to be codified at Tex.

3

Code Crim. Proc. arts. 64.01–64.05), Appellant filed his Chapter 64 motion fourteen years after his conviction and on the day his initial execution date was set. *Compare* 2.CR.74–143, *with* 2.CR.149–50. Indeed, the trial court found that Appellant had not adequately proven that his Chapter 64 motion was "not made to unreasonably delay the execution of sentence or administration of justice." 3.CR.344; *see* Tex. Code Crim. Proc. art. 64.03(a)(2)(B). Accelerating this appeal would ensure that Appellant cannot "unreasonably delay [his] execution" by utilizing the full time limits permitted by rule.

## PRAYER FOR RELIEF

The State respectfully requests that the Court hasten the rule-based briefing deadlines. The State respectfully suggests that Appellant be permitted twenty days to file his opening brief and the State be allowed to respond fifteen days later; specifically, Appellant's brief would be due February 5, 2015, and the State's due on February 20, 2015.

Respectfully submitted,

BRYAN GOERTZ
Criminal District Attorney
Bastrop County, Texas

/s/ Matthew Ottoway
MATTHEW OTTOWAY
Assistant Attorney General/

4

Assistant District Attorney
Bastrop County, Texas
Texas Bar No. 24047707

Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 320-8132
Email: *matthew.ottoway@texasattorney
general.gov*

*Attorneys for the State*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading was served by placing same in the United States mail, postage prepaid, on this the 27th day of January, 2015, addressed and electronically sent to:

Bryce Benjet
40 Worth Street, Suite 701
New York, New York, 10013
*bbenjet@innocenceproject.org*

Andrew F. MacRae
LEVATINO PACE LLP
1101 S. Capital of Texas Hwy.
Building K, Suite 125
Austin, Texas 78746
*amacrae@levatinopace.com*

Mark S. Chehi
Robert A. Weber
Jason M. Liberi
Nicole A. DiSalvo
Andrew G. Mirsis
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square, P.O. Box 636
Wilmington, Delaware 19899
*mchehi@skadden.com*
*robert.weber@skadden.com*

 /s/ Matthew Ottoway
MATTHEW OTTOWAY
Assistant Attorney General/
Assistant District Attorney
Bastrop County, Texas

5